DAVID T. EASTON *v.* CHARLES H. SMITH.

The distinction between the proper services of an attorney and those of a counsellor, has not been abolished by the statute. (Sess. laws of 1847, pp. 342, 3.)

The statute requires that a candidate shall not be admitted to practice in one capacity only, nor until qualified for both; but their respective authority and capacities are distinct

Accordingly, in an action for legal services, it was *held,* that an admission by the plaintiff that he had received a certain "counsel fee by agreement," neither proved

Easton v. Smith.

nor tended to prove, that he had agreed to perform the duties of attorney without other compensation.

The code leaves the attorney and client, and the counsellor and client, to make their own agreement, and in the absence of proof of an express contract, it leaves the agreement to be implied from the nature and value of the services rendered.

The court, on appeal from the justices' courts, will not reverse a judgment on the ground that a preponderance of evidence (although conflicting) appears to be against the verdict, when the case is not so clear as to warrant the presumption of bias, partiality, or obvious misapprehension or mistake on the part of the jury.

But where there is *no* evidence to sustain the verdict, the judgment thereon will be reversed.

THE plaintiff, an attorney and counsellor at law, complained against the defendant in the second district court, for services as an attorney and counsellor, in conducting his defence of a suit in the superior court. That suit was for the claim and delivery of personal property levied upon by the defendant under an execution issued out of the marine court. It was on the superior court calendar for five terms, and during the fifth term, was referred. The defence was unsuccessful, and the defendant paid the plaintiff's costs in that suit, amounting to $112.

The bill of particulars of the claim for which a recovery was sought herein, contained the costs which would have been taxable in favor of the defendant if he had succeeded in the superior court, and a charge and credit of " Counsel fee by agreement, $10." The services were admitted, and testimony was given fixing their value, in the opinion of witnesses, at a sum equal to and exceeding the amount charged. The case was tried by a jury. The defendant relied solely upon the above entry in the plaintiff's bill of particulars. A verdict was rendered against the plaintiff, who appealed to this court.

*David T. Easton*, appellant in person.

*Daniel B. Taylor*, for the respondent.

BY THE COURT. WOODRUFF, J.—We have often held that we will not reverse a judgment upon the mere ground that in our opinion the preponderance of the evidence is against the

verdict of the jury, where the evidence is conflicting, and the case is not so clear as to warrant the presumption of bias, partiality, or obvious mistake, or misapprehension on the part of the jury; and such is the uniform course of decisions in this state.

But this doctrine does not apply where there is *no* evidence to sustain the verdict.

In this action the plaintiff showed, by evidence entirely unimpeached and uncontradicted, that he had rendered services as the *attorney* for the defendant in conducting the defence of a suit from its commencement to its close, and there was no evidence whatever that he had been paid any thing therefor. The only evidence on the part of the defendant consisted of the plaintiff's admission that he had received, by agreement, ten dollars as "counsel fee."

This in no manner affected his claim for services as attorney in the cause.

It is not true, that any law of this state has abolished the distinction between the proper services of an attorney and those of a counsellor. The law requires that a candidate for the office shall be admitted to practice in *both capacities* at the same time. No one can now be admitted to practice as an attorney until he is qualified to practice as a counsellor— nor to practice as a counsellor until he is qualified to practice as an attorney. But the capacities are distinct, and the authority of each is distinct. The counsellor cannot, in virtue of his mere retainer as such, authenticate the process and proceedings in the cause. Nor, under a retainer as attorney merely, can a party insist upon his right to perform duties and claim compensation therefor as counsellor.

The admission, therefore, that the plaintiff was paid a "counsel fee by agreement," did not prove, nor, unaccompanied by any other evidence, did it in any just sense tend to prove, that the plaintiff had agreed to perform the duties of attorney without other compensation.

The code leaves the attorney and client and the counsellor and client to make their own agreement, and in the absence of

proof of an express agreement, it leaves the agreement to be implied from the nature and value of the services rendered.

The proof of value in this case was clear and uncontradicted, and yet wholly disregarded by the jury.

The judgment must be reversed; and as the case appears to have been fully developed on the trial below, so that we can render such judgment as should have been rendered there, we ought, we think, to order judgment for the plaintiff, with costs.

Judgment reversed, and judgment ordered for the plaintiff.